FILED
COURT

2012 JUL 11 AM 9:55

OF COURT

**IN THE SUPERIOR COURT OF GUAM**

KENNETH L. HENDERSON,                    )          CIVIL CASE NO. CV0527-07
                                         )
                        Plaintiff,       )
                                         )          **DECISION AND ORDER**
          v.                             )
                                         )
UNITY DEVELOPMENT CORPORATION            )
dba CENTRAL LANES; ACE INSURANCE         )
LIMITED; and DOES 1–10, inclusive,       )
                                         )
                        Defendants.      )
_____)

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 11th day of April, 2012, for hearing on the Defendant's Motion for Summary Judgment on the issue of whether the Defendant, Unity Development Corporation dba Central Lanes (hereinafter "Central Lanes"), negligently maintained its premises and/or negligently caused injury to the Plaintiff. Ace Insurance Limited is a Defendant by virtue of its insurance coverage of Central Lanes. Attorney William L. Gavras represented the Plaintiff, and Attorney Jon A. Visosky represented the Defendants. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

Summary judgment should be granted when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Iizuka Corporation v. Kawasho

International (Guam), Inc., 1997 Guam 10 ¶ 7. The initial burden is on the moving party and the court must review the facts in the light most favorable to the non-moving party. Id. at ¶ 8. However, if the movant can demonstrate that there exists no genuine issue of material fact, the non-movant cannot merely rely upon the assertions contained in the complaint, but must produce significant probative evidence showing that there is a genuinely disputed issue of material fact that must be determined at trial. Id.

A genuine issue exists when there is "sufficient evidence" establishing a factual dispute requiring resolution by a fact-finder. Id. (citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir.1987)). The factual dispute must concern a "material fact." Id. Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Plaintiff alleges that Central Lanes negligently maintained its premises, creating a hazardous condition which caused the Plaintiff to slip and fall on Lane 23, while at the premises bowling as an invitee. Henderson v. Central Lanes, et. al., Civil Case No. CV0527-07, Pl.'s First Am. Compl. for Damages for Negligence; Direct Action Damages; and Demand for Jury Trial, p. 3, ¶¶ 10–11 (filed May 25, 2007). There are two claims of negligence based on premises liability in this case, one count against Central Lanes, and one count against Central Lanes' insurer, Ace Insurance Limited, under the direct action statute, both based upon the same slip and fall incident which occurred on April 30, 2006, at approximately 6:30 p.m.

The moving party carries the burden of showing the court the relevant information which it believes demonstrate the absence of an issue of material fact. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party

satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. Kim v. Hong, 1997 Guam 11, ¶ 6 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

Regarding premises liability in Guam, "[e]very one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or his person, except so far as the latter has willfully brought the injury upon himself." 18 GCA § 90107 (2012). Interpreting this statute, the Guam Supreme Court has found that "in order to be liable for injury caused by a harmful or dangerous condition on a property, there must be negligence on the part of the property owner itself." Henderson v. McDonald's Intern. Property Co., Ltd., 2006 Guam 2 ¶ 23.

Negligence requires "the existence of a duty, the breach of such duty, causation and damages." Id. at ¶ 9 (citing Leon Henderson v. DLB Constr. Co., 1999 Guam 9, ¶ 14. In order to make a *prima facie* showing of negligence, a Plaintiff must prove all four required elements of the tort; whereas the Defendant need only show the absence of one element to avoid culpability.

The Court analyzes this claim of negligence beginning with the issue of the Defendants' duty to the Plaintiff. The Court notes at the outset that both 18 GCA § 90107 and the McDonald's case refer to a property *owner*'s duty of care. Plaintiff has not alleged that Central Lanes owned the property where the accident occurred. The Court has no evidence of a lease of the premises either.

Rule 56, as supplemented by CVR Rule 7.1(d)(1)( C) of the Local Rules of the Superior Court of Guam, requires that motions for summary judgment and oppositions to summary judgment be accompanied and authenticated "by affidavits or declaration of persons with

personal knowledge through whom they could be introduced at trial." <u>Zoslaw v. MCA Distributing Corp.</u>, 693 F.2d 870, 883 (9th Cir.1982), *cert. denied*, 460 U.S. 1085 (1983); *see also* <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 159 (1970); <u>Piper v. United States</u>, 392 F.2d 462, 464 (5th Cir. 1968); <u>Jones v. Menard</u>, 559 F.2d 1282, 1285 n. 5 (5th Cir. 1977); 6 Moore's Federal Practice P 56.11(1. 8), at 207 (2d ed. 1948); id. P 56.22(1), at 1304; 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2738.

GRCP Rule 56(e) specifically and unequivocally restates this proposition; "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein." GRCP Rule 56(e).

Although the rule specifically references "affidavits," for the purposes of GRCP Rule 56(e), "since 1982 on Guam, and 1976 under Federal law, unsworn declarations under penalty of perjury are statutorily equivalent, with limited exceptions, to affidavits." <u>Duenas v. Yama's Co., Inc.</u>, Civ. No. 90 00062A, 1991 WL 255834, *5 (D.Guam App.Div. 1991)(citing 6 GCA § 4308; 28 U.S.C. § 1746; <u>Carter v. Clark</u>, 616 F.2d. 228 (5th Cir.1980); and <u>Dickinson v. Wainwright</u>, 626 F.2d. 1184 (5th Cir.1980).

It is clear that under Rule 56, a party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'" in order to demonstrate proper evidentiary support for its factual allegations. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). Rule 56(e) specifically requires any allegations or exhibits to be submitted in a form which would be admissible at trial. Only "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes," and only "when the allegations contained therein are based on personal knowledge." <u>Williams v. Griffin</u>, 600 F.2d

820, 823 (4th Cir.1991); *accord* Williams v. Adams, 935 F.2d 960, 961 62 (8th Cir.1991); Conaway v. Smith, 853 F.2d 789, 792 93 (10th Cir.1988); McElyea v. Babbitt, 833 F.2d 196, 197 98 (9th Cir.1987); Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc., 831 F.2d 77, 80 (5th Cir.1987); and Hooks v. Hooks, 771 F.2d 935, 945 46 (6th Cir.1985).

Although the Plaintiff's First Amended Complaint contains allegations that Central Lanes controlled, managed, and maintained the premises, this complaint is not verified, and therefore, has no effect for summary judgment purposes. The Plaintiff and the Defendant have failed to provide the Court with a copy of any proof of ownership or lease agreement which would be admissible at trial, and could be considered by the Court for summary judgment purposes.

Neither party has provided evidence, authority or case law to guide the Court on the issue of whether Central Lanes owed an owner's duty of care to the Plaintiff. However, it appears from other evidence submitted that Central Lanes controlled the maintenance of the premises in which the accident occurred. Henderson, Decl. of Joaquin Salas, p.1, ¶¶ 4–5 (filed March 8, 2012). Assuming, then, without deciding, that an owner's duty of care existed for the purposes of this analysis, the Court turns to whether Central Lanes breached any duty of care owed to the Plaintiff.

"[I]n order to be liable for injury caused by a harmful or dangerous condition on a property, there must be negligence on the part of the property owner itself." McDonald's, at ¶ 23. In order to establish that a property owner was negligent, the plaintiff must show that the property owner breached its duty of care of reasonable maintenance of premises by proving "either that the property owner caused the dangerous condition, or had actual or constructive knowledge of such condition." Id., at ¶ 21. If the plaintiff cannot show that the owner caused

the condition, and instead attempts to show actual or constructive knowledge of the dangerous condition, the plaintiff must additionally show that the owner had knowledge of the condition "in sufficient time to correct it." Id., at ¶ 23.

If the plaintiff cannot show actual knowledge of the dangerous condition, "[a] plaintiff may demonstrate the necessary constructive knowledge of the dangerous condition if it is established that the property had not been inspected within a reasonable period of time so that a person exercising due care would have discovered and corrected the hazard." Id.

The Defendants have produced evidence that the Defendants did not cause any hazardous condition on the bowling lane where the Plaintiff fell. Henderson, Decl. of Joaquin Salas, pp. 1–2, ¶¶ 4–6 (filed March 8, 2012). The Plaintiff provides no evidence to the contrary. Plaintiff's theory of negligence does not claim that Central Lanes caused any substance to be placed on the floor where the Plaintiff fell, and provides no evidence to support such a theory. Therefore, it is undisputed that Central Lanes did not place any substances on the floor where the Plaintiff fell. Accordingly, there is no evidence that Central Lanes directly caused the dangerous condition which Plaintiff claims caused him to fall.

Although the Plaintiff cannot show that Central Lanes caused the dangerous condition to exist, the Plaintiff may prevail in showing a breach of duty if he can show actual or constructive knowledge of the condition. McDonald's, at ¶ 23.

The Defendants have provided evidence that they had no actual knowledge of any defect on Lane 23, where the Plaintiff fell. Central Lanes submitted a declaration of its employee, Mr. Joaquin Salas. He declares that he was the Floor/Shift Manager on duty on April 30, 2006, the date of the Plaintiff's fall. The deposition testimony of Joaquin Salas, taken by the Plaintiff, further establishes that Central Lanes has a maintenance policy of cleaning all bowling lanes

every day at 9:00 a.m. and 6:00 p.m. The declaration submitted by the Defendants proves that Lane 23 was personally inspected by Joaquin Salas shortly after the scheduled 6:00 p.m. cleaning, prior to the start of league bowling games at 6:30 p.m., and that the lane was clean. Plaintiff fell in the approach area to Lane 23 at approximately 7:30 p.m. The declarations also show that no one other than the Plaintiff used this lane between the time it was inspected and the time that the Plaintiff fell in this lane. None of the evidence submitted by the Plaintiff disputes these facts. The declaration states that Joaquin Salas inspected the lane again shortly after the fall, and did not find any substance or defect on the floor which might have caused or helped to cause the Plaintiff's fall. This is the only disputed fact, as Plaintiff has submitted his own declaration stating that he saw a foreign residue on the approach to Lane 23, at the location where he fell.

Because the Plaintiff does not assert a claim of actual knowledge of the hazardous condition, the Plaintiff's only avenue to prevail on the premises liability claim is to raise the presumption that Central Lanes or its employees had constructive knowledge of the defect through lack of inspection or negligent inspection, which caused the accident in this case. Id. Henderson cannot rely on his pleadings, as they are not verified.

In adjudicating this summary judgment motion, the Court will assume that there is no factual dispute regarding the existence of a substance on the floor, because "[v]iewing the evidence described above in a light most favorable to the nonmoving party, [Henderson] has established that [he] slipped and fell on a [ ] substance and thereby suffered injury." McDonald's, at ¶ 27. However, even thus assuming that there was a substance on the floor, Henderson may only "defeat judgment as a matter of law if [he] establishes a genuine issue of material fact that 'something slippery on the floor . . .[has] been there long enough so that

[Central Lanes] should have discovered and removed it.'" McDonald's, at ¶ 26 (quoting Brown v. Poway Unified Sch. Dist., 15 Cal. Rptr. 2d 679, 683 (Cal. 1993) (quoting Prosser & Keeton, Torts § 39 (5th ed. 1984)). But Henderson "cannot survive summary judgment and maintain a case by a mere allegation that [he] stepped on something and was caused to fall because "[n]o inference of negligence arises based simply upon proof of a fall upon the owner's floor." Id. (quoting Vaughn, 213 P.2d at 419.)

The deposition testimony of Joaquin Salas establishes that there was a lane cleaning and inspection policy in place at Central Lanes at the time that Plaintiff Henderson fell, and moreover, that Joaquin Salas personally inspected Lane 23, shortly before the Plaintiff fell there, and that the lane was free from substances. In opposition, the Plaintiff claims that there is a dispute of fact as to the cleaning and inspection of Lane 23, because another employee, Joey Miranda, III, later told the Plaintiff that the area in which he fell "was 'probably' not cleaned properly" on the night he fell, and therefore, Plaintiff argues that Central Lanes should be charged with constructive knowledge of some residue on the floor which caused the Plaintiff to fall and injure himself. Henderson v. Unity Development Corporation, dba Central Lanes, et. al., Civil Case No. CV0527-07, Declaration of Kenneth L. Henderson, p. 4, ¶ 12 (filed April 10, 2012).

The Plaintiff relies solely upon this alleged statement of Joey Miranda, III, made to Plaintiff Henderson, as evidence which could be interpreted to show that Joaquin Salas and Central Lanes should be charged with constructive notice that there was a residue of some substance on Lane 23, which caused the Plaintiff to fall.

Once a lack of evidence to support the plaintiff's case is established by the moving party, the plaintiff must present specific facts showing there is a genuine issue for trial. The

plaintiff may not rely on conclusory allegations, but must present some significant probative evidence tending to support the assertion of fact. Id.

This burden shift is reiterated within the language of Rule 56 itself. Rule 56(e) requires that:

> When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.* If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

GRCP Rule 56(e)(2012)(emphasis added).

Under Rule 56(e), the nonmoving party must make a sufficient showing of evidence through affidavits or declarations. These "[s]upporting and *opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." GRCP Rule 56(e)(2012)(emphasis added).

There are two primary reasons that the statement allegedly made by Joey Miranda, III, cannot be considered by the Court. First, the alleged statement is hearsay, and therefore, not admissible in evidence as required under GRCP Rule 56(e). Second, even if the Court ignores the fact that it is hearsay and inadmissible, the alleged statement is not based upon personal knowledge as required to oppose summary judgment under GRCP Rule 56(e).

No declaration of Joey Miranda, III, declaring under penalty of perjury that the statement that Lane 23 "was probably not cleaned properly" is true has been submitted. No deposition testimony of Joey Miranda, III, to this effect has been submitted, either. Although Plaintiff Henderson has provided an excerpt of the deposition testimony of Joey Miranda, III,

this excerpt of testimony is silent as to whether or not Lane 23 was cleaned and inspected on April 30, 2006.

Instead, the excerpt contains testimony to the sole effect that Central Lanes' management team has been more attentive to its cleaning and inspection policy since the filing of this lawsuit. This testimony does not expressly state that Lane 23 was not inspected on April 30, 2006, nor does it imply or suggest the inference that Lane 23 was not inspected on April 30, 2006. The Plaintiff has submitted no sworn statement of Joey Miranda, III, which states or even suggests that Joey Miranda, III, either knows or believes that Lane 23 was not inspected or cleaned on the night that the Plaintiff fell. There is no indication that this hearsay will be reduced to admissible form at trial. Plaintiff Henderson's own declaration that Joey Miranda, III, told him that Lane 23 "was probably not cleaned properly" cannot be asserted for the truth of the matter of whether Lane 23 was actually cleaned properly. GRE Rule 801(c)(2012); Vidrine v. Enger, 752 F.2d 107, 109–10 (5th Cir. 1984)(Plaintiff's statement that another physician was of the opinion that the defendant physician had committed malpractice was not sufficient to defeat the defendant physician's motion for summary judgment as plaintiff presented no affidavit or deposition of the physician making the statement, and his quotation of that physician's statement was pure hearsay); see also Pritchard v. Southern Co. Services, 92 F.3d 1130, 1135 (11th Cir. 1996); and Blair Foods, Inc. v. Ranchers Cotton Oil, 610 F.2d 665, 667 (9th Cir. 1980).

Next, even if the Court accepted the hearsay statement to Plaintiff Henderson that Lane 23 "was probably not cleaned properly" as true, the statement is not based on personal knowledge of the fact of cleaning or inspection, in order to properly dispute the fact for the purposes of summary judgment.

It is well-settled that any evidence submitted in opposition to a motion for summary judgment must be contained in the declaration or affidavit of a person which is "made on personal knowledge, shall set forth facts which are admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein," or that evidence cannot be considered by the Court. GRCP Rule 56(e); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n. 17 (1970); Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3rd Cir. 2005); and Evans v. Technologies Applications & Service Co., 80 F.3d 954, 962 (4th Cir. 1996).

At best, the supposed statement of Joey Miranda, III, sets forth a subjective and speculative belief that Lane 23 "probably" was not inspected or cleaned on April 30, 2006. This submission is not based on facts within his personal knowledge. Further, no testimony has been provided to show that Joey Miranda, III, had any personal knowledge of the events that night, and therefore, even if the statement existed in a form other than the hearsay declaration of Plaintiff Henderson, it cannot be used as competent evidence in opposition to the Defendants' properly supported motion for summary judgment. Hotel & Restaurant Employees' Alliance, Local No. 237, of the Hotel & Restaurant Employees' Int'l Union & Bartenders' Int'l League of America, AFL-CIO v. Allegheny Hotel Co., 374 F.Supp. 1259, 1263 (Dist. Ct. Pa. 1974) (Affidavits that stated the belief of the affiant, contained opinions, were based on hearsay and expressed only conclusions, were insufficient and could not be considered on a summary-judgment motion); see also Applegate v. Top Assocs., Inc., 425 F.2d 92, 96–97 (2d Cir. 1970)(Plaintiff's statements that he personally believed that the signature on his wife's affidavit was a forgery and that the plaintiff in the Nevada divorce proceeding was an impersonator could not rebut contrary factual evidence that wife had signed affidavit and therefore, judge was

required to grant summary judgment against plaintiff); Newhouse v. Probert, 608 F.Supp. 978, 983, Dist. Ct. Mich. 1985) (A declaration offered by plaintiff admitting that the information was "not first hand" but was merely "believed to be true given the sources and the duplication of sources" was a declaration based entirely upon hearsay evidence, rather than personal knowledge and was insufficient under Rule 56 to create a genuine issue of material fact); Great W. Sugar Co. v. Mrs. Allison's Cookie Co., 563 F.Supp. 430, 432 (Dist. Ct. Mo.1983)(Affidavits submitted with respect to a summary-judgment motion that were based only on information and belief and not on personal knowledge would be stricken for failure to comply with Rule 56); and Lark v. West, 182 F.Supp. 794, 798 (Dist. Ct. D.C.), *aff.*, 289 F.2d 898 (D.C. Cir.) *cert. denied*, 368 U.S. 865 (1961) (A statement in an affidavit that a report "contains matters which *must* be of prejudicial nature" was at best a belief, which was not equivalent to personal knowledge, and could not defeat properly supported summary judgment motion)(emphasis in original).

In a slip and fall case in Guam, once the defendant has adduced evidence to show the existence of a cleaning and inspection schedule and routine which was followed, the plaintiff must come forward with proof that the defendant "knew or should have known there was risk of an unsafe condition on the floor, that the defendant failed to take reasonable steps to address the foreseeable hazard or condition, and that the plaintiff's injuries were in fact caused by the unsafe condition." McDonald's, at ¶ 27. Plaintiff Henderson has proven only that there was a residue on the floor, and that he fell thereon and was injured. This is identical to the plaintiff's proof in the McDonald's case, wherein the Supreme Court of Guam found that the grant of summary judgment was appropriate against the plaintiff on her negligence claim. Plaintiff Henderson has not proven that Central Lanes was negligent, as he did not prove in his

declaration or other presented evidence that the substance was on the floor for an unreasonably long time, or that Central Lanes' cleanings and inspections did not occur or were insufficient. "Where, as here, the opposition to a motion for summary judgment present[s] speculation in lieu of specific facts, the granting of summary judgment is appropriate." Id. (citing Merrill v. Navegar, Inc., 28 P.3d 116, 132 (Cal. 2003); and Wiz Technology, Inc. v. Coopers & Lybrand, 130 Cal. App. 2d 263, 270 (Ct. App. 2003)). On this basis, the Court concludes that summary judgment must be granted in favor of the Defendants.

## CONCLUSION

After considering the motion, the Court finds that the Defendants have met their burden to show that they had no actual or constructive notice of any defect causing Plaintiff's fall, and Plaintiff has failed to present admissible evidence which would contradict Defendants' evidence in order to show a breach of duty, and prove negligence in this premises liability case. Plaintiff's First Amended Complaint presents only two claims for negligence against Central Lanes and its insurer. Based upon the foregoing, the Defendants' Motion for Summary Judgment is GRANTED as to all claims contained in the Plaintiff's First Amended Complaint.

**IT IS SO ORDERED** this _____JUL 1 1 2012_____.

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
JON VISOSKY,
WILLIAM GAVRAS
Date: 7-11-12  Time: 1030 AM
Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam